# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:06-CR-45 |
| | § | |
| JOHNNY EDWARD ROBINSON | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On January 25, 2010, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Carol Wheeler. Defendant was represented by Wayne Dickey.

Johnny Edward Robinson ("Defendant") was sentenced on May 31, 2007, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of prohibited person in possession of a firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was 15 to 21 months. Defendant was subsequently sentenced to 15 months imprisonment followed by a two year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment. On June 28, 2007, Defendant completed his period of imprisonment and began service of the two year term of supervised release.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall notify the probation officer ten days prior to any change of residence or employment**. Specifically, the Government alleges as follows. On August 21, 2008, the U.S. Probation Office conduced an unannounced visit at 1023 College Dr., Apt. # 2062, in

Texarkana, Texas, which is Defendant's listed residence. Larry Robinson, Defendant's brother, stated that Defendant had not lived there in over three months and that he did not know where Defendant was staying. As of the date of the petition, the whereabouts of Defendant were unknown.

2) **Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** Specifically, the Government alleges as follows. On May 19, 2008, Defendant reported to the U.S. Probation Office that he was residing at 1023 College Dr., Apt. # 2062, in Texarkana, Texas, with his brother. On May 29, 2008, an unannounced home visit was conducted, and Defendant's brother stated that Defendant was there a few days but was no longer staying at his residence. On June 26, 2008, Defendant was asked where he was residing, and he stated that he was staying at 1023 College Dr., Apt. # 2062, in Texarkana, Texas. On July 8, 2008, an unannounced home visit resulted in contact with his brother, Michael Robinson, who stated that Defendant had not stayed at this residence in over a month. Again, on August 21, 2008, an unannounced home visit resulted in contact with his brother, Larry Robinson, who stated that Defendant had not stayed at this residence for over three months. Defendant did not answer truthfully the inquiries of the probation officer on June 26, 2008.

3) **Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.** Specifically, the Government alleges as follows. On May 19, 2008, Defendant was instructed to report to the U.S. Probation Office on June 6, 2008. Defendant failed to report as instructed. On June 26, 2008, Defendant was instructed to report to the U.S. Probation Office on August 1, 2008. Defendant failed to report as instructed. Additionally, Defendant has failed to submit a written report for the months of July and August, 2008.

4) **Defendant shall not commit another federal, state, or local crime**. Specifically, the Government alleges as follows. On or about October 28, 2008, Defendant was arrested by the Bi-State Narcotics Task Force and charged with possession of a controlled substance - cocaine. It is alleged that upon entering the residence located at 1021 College Dr., Apt. # 2024, in Texarkana, Texas, officers searched Defendant's person and found him to be holding a bag that contained cocaine in his left hand and another bag containing cocaine in his right front pocket of his pants. This is in violation of Texas Penal Code § 481.115. As of the date of the petition, the matter was still pending.

5) **Defendant shall not unlawfully possess a controlled substance.** Specifically, the Government alleges as follows. On or about October 28, 2008, Defendant was arrested by the Bi-State Narcotics Task Force and charged with possession of a controlled substance - cocaine. It is alleged that upon entering the residence located at 1021 College Dr., Apt. # 2024, in Texarkana, Texas, officers searched Defendant's person and found him to be holding a bag that contained cocaine in his left hand and another bag containing cocaine in his right front pocket of his pants. This is in violation of Texas Penal Code § 481.115. As of the date of the petition, the matter was still pending.

The Court scheduled a revocation hearing January 25, 2010. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the fifth allegation of the petition. The Government abandoned the remaining allegations. Based upon Defendant's plea of true to the fifth allegation, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's Petition.

The Court recommends Defendant be committed to the custody of the Bureau of Prisons to

be imprisoned for a term of twelve (12) months and one (1) day, said sentence to be served concurrently with the sentence imposed on Defendant in *State of Texas v. Johnny Robinson*, District Court of Bowie County, Texas, No. 09F0159-005, with no term of supervised release to follow said term of imprisonment. The Court also recommends that the Court request the TDCJ Institutional Division be designated for service of sentence.[1] Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the fifth allegation be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day to be served concurrently with the sentence imposed on Defendant in *State of Texas v. Johnny Robinson*, District Court of Bowie County, Texas, No. 09F0159-005, with no term of supervised release to follow said term of imprisonment. It is further

**RECOMMENDED** that the Court request the TDCJ Institutional Division for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections. Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the

---

[1] This sentence and disposition is in accord with the agreed sentence recommended by the parties in this case.

recommended sentence.

**IT IS SO ORDERED** this 28th Day of January, 2010.

                                                                                                        <u>/s/ Barry A. Bryant</u>
                                                                                                        Barry A. Bryant
                                                                                                        U.S. MAGISTRATE JUDGE